

November 3, 2014

Hon. Yvonne Gonzalez Rogers
Oakland Courthouse, Court 1
1301 Clay St.
Oakland, CA 94612

     *Re: Brawner v. Bank of America*
       Case No. 3:14-cv-02702 YGR

Dear Judge Rogers:

     In compliance with Rule 8(b) of your Standing Order in Civil Cases, the parties submit this joint letter brief summarizing their dispute about the discovery of the identities and contact information of putative class members.[1]

## Plaintiff's Position.

     Plaintiff was one of approximately 50 to 100 Dedicated Service Directors (later renamed "Treasury Service Consultants") employed by the Bank in Concord, California. The Bank classified these employees as "exempt" from California's wage and hour laws and, as a result, failed to pay them a premium wage when they worked overtime hours. *See* Joint Initial CMC Statement at 2:1-17 (Docket No. 14).

     Plaintiff served interrogatories seeking the identities and the contact information (address, telephone number, email address) of each of the Dedicated Service Directors or Treasury Service Consultants who worked in Concord during the class period (May 9, 2010 to the present). While the Bank objected with four pages of boilerplate objections, its primary objection was that the interrogatories infringed on the privacy rights of the putative class members.

     This dispute is a well-worn dispute in employment class actions. As case after case after case in the Northern District of California has demonstrated, "disclosure of putative class members' contact information is a common practice in the class action context." *Nelson v. Avon Products,* 2014 U.S. Dist. Lexis 80140 (N.D. Ca); *Bell v. Delta Air Lines,* 20114 U.S. Dist. Lexis 30871 (N.D. Ca.) (collecting seven other Northern District cases on point). The reasons are plain: "The putative class members may well possess discoverable information relevant to the commonality of plaintiffs' claims. Additionally, they are potential percipient witnesses to [the company's] alleged employment and wage practices, and their identities and locations properly are discoverable." *Nelson,* 2014 U.S. Dis. Lexis 80140. As these cases recognize, it is critical for Plaintiff to contact these witnesses and to obtain their evidence in order to establish (among

---

[1] Counsel have met and conferred to impasse on this issue by telephone. They hope that the court will agree that it was not practicable for them to confer in person because their offices are located approximately 350 miles apart.

other matters) the issues of commonality and predominance in her upcoming motion for class certification.[2]

The Northern District has given short shrift to the argument that disclosing the contact information of putative class members unduly violates their privacy, generally finding that a standard protective order provides sufficient protection. *See Nelson, Bell, supra.* Plaintiff is more than willing to stipulate to any reasonable order preventing her from disclosing this information to others or from using the information for any non-litigation purpose.

### Defendant's Position.

The Ninth Circuit has explained that "the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations. Absent such a showing, a trial court's refusal to allow class discovery is not an abuse of discretion." *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985) (emph. added). *See also Doninger v. Pac. N.W. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir.1977) ("[T]he burden is on the plaintiff to demonstrate that discovery measures are likely to produce persuasive information substantiating the class allegations"); *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 267 (D. Minn. 1991) ("Requiring a showing that there is some factual basis for the class allegations … hardly places an unreasonable burden on the plaintiffs."); *Tracy v. Dean Witter Reynolds, Inc.*, 185 F.R.D. 303, 312 (D. Colo. 1998) (class discovery "should not be allowed to [Plaintiff] if she can present no evidence, or if [she] present[s] insufficient evidence, to warrant a conclusion that [such] discovery is reasonably likely to yield support for the class allegations which have been made."). In *Bell v. Delta Air Lines, Inc.*, 2014 U.S. Dist. LEXIS 30871, at *12 (N.D. Cal. Mar. 7, 2014) (Beeler, M.J.), cited by Plaintiff, the court ordered disclosure of contact information of putative class members, but only because the plaintiff "had made a prima facie showing that the class action requirements of Rule 23 are met." Quite simply, Plaintiff has not made any prima facie showing that the Rule 23 requirements are met, or that discovery is likely to produce substantiation of the class allegations. Merely filing a lawsuit is simply not sufficient to entitle Plaintiff to require Defendant to turn over the private contact information of its current and former employees.

Even assuming, *arguendo*, that Plaintiff can make the preliminary Rule 23 showing, "the threshold issue is not whether Plaintiff[] may be entitled to putative class member contact information at all, but whether Plaintiff[] require[s] such information to assist in meeting [Plaintiff's] admittedly higher burden to establish Rule 23 requisites…." *Gordon v. Kaleida Health*, 2012 U.S. Dist. LEXIS 16443, *9 (W.D.N.Y. Feb. 9, 2012). Thus, "the relevant question is whether such contact information is needed by Plaintiff[] at this time or whether Plaintiff[] may be able to meet [her] burden to establish Rule 23 requirements by thorough use of standard discovery devices such as interrogatories, document requests, requests to admit and deposition practice, *including direct contact with putative class members whose identity*

---

[2] The issues of commonality and predominance often turn on putative class member declarations. The Bank has had access to these witnesses ever since it was served with the Complaint almost six months ago. Plaintiff must file her motion for certification in less than four months (February 24, 2015). Delaying Plaintiff's access to these critical witnesses serves only to institutionalize the Bank's advantage.

*Plaintiff[] may already know through other means.*" *Id.* (emph. added). *See also Charles v. Nationwide Mutual Insurance Co., Inc.*, 2010 U.S. Dist. LEXIS 143487, *23 n. 9 (E.D.N.Y. May 17, 2010) (finding class plaintiffs' contact information request premature in absence of the exercise of standard discovery devices directed to meeting Rule 23 requisites for plaintiffs' class action).

Here, in addition to not passing the preliminary hurdle of making any sort of *prima facie* showing that her claims are capable of classwide resolution or that the requested discovery is likely to produce substantiation of the class allegations, Plaintiff also has failed to establish that the information she seeks cannot be obtained through other, less-intrusive means than requiring production of the confidential and private contact information of Defendant's current and former employees who are not parties to this action. Plaintiff's argument that the Bank has had access to putative class members while Plaintiff has not rings hollow. Plaintiff obviously has knowledge of the identities of her former co-workers, and nothing has precluded her from contacting them. Indeed, given Plaintiff's assertion of the importance of speaking with these individuals, one would assume that, prior to initiating this litigation (or throughout its pendency), she would have endeavored to speak with these individuals. Plaintiff has offered no explanation why this is insufficient and justifies requiring Defendant to violate the confidence of its current and former employees to hand over their private contact information.

Additionally, when the constitutional right of privacy is involved, "the party seeking discovery … must demonstrate a compelling need for discovery so strong as to outweigh the privacy right when these two competing interests are carefully balanced." *Asberry v. Cate*, 2014 U.S. Dist. LEXIS 46334, *10 (E.D. Cal. Mar. 31, 2014) (citing *Lantz v. Superior Court*, 28 Cal. App. 4th 1839, 1853-54 (1994)). *See also Pearce v. Club Med Sales, Inc.*, 172 F.R.D. 407, 411 (N.D. Cal. 1997) (holding that relevance is insufficient on its own to compel disclosure and there must be a demonstration of compelling interest sufficient to justify an intrusion on privacy rights). "When compelled disclosure intrudes on constitutionally protected areas, it cannot be justified solely on the ground that it may lead to relevant information." *Lantz, supra*, 28 Cal. App. 4th at 1854 (cit. omitted). "[E]ven when discovery of private information is found directly relevant to the issues of ongoing litigation, it will not be automatically allowed; there must then be a 'careful balancing' of the 'compelling public need' for discovery against the 'fundamental right of privacy.'" *Pearce, supra*, 172 F.R.D. at 410 (cit. omitted).

Here, Defendant's non-party current and former employees have a clear privacy right in their personal contact information—the right to be "left alone." *See, e.g., FCC v. Pacifica Found.*, 438 U.S. 726, 759 (1978) ("individual's right to be left alone [in the privacy of the home] plainly outweighs the First Amendment rights of an intruder") (citing *Rowan v. Post Office Dept.*, 397 U.S. 728 (1970)). *See also White v. Davis*, 13 Cal. 3d 757, 774 (1975) ("The right of privacy [guaranteed by the California Constitution] is the right to be left alone.") (citations omitted). This privacy right outweighs any right to discovery by Plaintiff of their personal contact information because Plaintiff has failed to make even a prima facie showing that there is any evidentiary basis for her class allegations, has failed to demonstrate that the requested information is necessary to substantiate her class allegations, and has failed to demonstrate that this information cannot be obtained by other less intrusive means. Accordingly,

Plaintiff's request is overbroad in seeking information regarding individuals who are not yet, and may never be, parties to this action, and it should be denied.[3]

### Plaintiff's Reply.

The Bank conveniently cites *Doninger v. Pac. N.W. Bell, Inc.*, 564 F.2d 1304 (9th Cir.1977).   In that unusual case, the propriety of certification could be established without the need for any discovery because the Defendant had conclusively proven that the numerosity and impracticability of joinder requirements could never be met. *Id.* at 1313.  Thus, the Plaintiffs could not possibly make a *prima facie* showing of the requirements for certification or that discovery was likely to produce persuasive evidence of the existence of these requirements. *Id.* It was this impossibility that justified the trial court's order denying discovery on class issues. *Id.*

The Ninth Circuit went out of its way, however, to describe how unusual this case was. "It is true that the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action was maintainable. And, the necessary antecedent to the presentation of evidence is, in most cases, enough discovery to obtain the material, especially when the information is within the sole possession of the defendant." *Id.*  Moreover, the court cited with approval the following citation from *Kamm v. California City Development Co.*, 509 F.2d 205, 210 (9th Cir. 1975):

> "In determining whether to grant discovery the court must consider its need, the time required, and the probability of discovery resolving any factual issue necessary for the determination. The propriety of a class action cannot be determined in some cases without discovery, as for example, where discovery is necessary to determine the existence of a class or set of subclasses. To deny discovery in a case of that nature would be an abuse of discretion. Where the necessary factual issues may be resolved without discovery, it is not required. (footnotes omitted)." *Doninger,* 564 F.2d at 1313.

The case at bar is not the unusual case in which "the necessary factual issues may be resolved without discovery." This is a case involving the proper classification of Bank employees who all held the same job title at the same Bank facility.   Ascertainability, numerosity, commonality, and predominance will all depend on the facts and evidence adduced in discovery.

Aiman-Smith & Marcy                              McGuireWoods LLP


/s/ Joseph Clapp                                      /s/ Michael D. Mandel
Joseph Clapp, Esq.                                    Michael D. Mandel, Esq.

---

[3] Alternatively, to the extent the Court is inclined to order Defendant to produce this private information regarding its current and former employees, Defendant requests the Court order such production be made only after the affected individuals are given notice and an opportunity to opt out of having their personal information disclosed.