UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| ZELMA BRAWNER,<br><br>        Plaintiff,<br>    v.<br><br>BANK OF AMERICA, N.A.,<br><br>        Defendant.<br>_____/ | No. C 14-02702 YGR (LB)<br><br>**ORDER REGARDING THE PARTIES' JOINT DISCOVERY DISPUTE LETTER BRIEF DATED NOVEMBER 4, 2014**<br><br>[Re: ECF No. 24] |

## INTRODUCTION

In this putative class action, Plaintiff Zelma Brawner sued her former employer, Defendant Bank of America, N.A., on behalf of herself and all others similarly situated, for wage and hour claims under various California employment laws. With briefing on Ms. Brawner's class-certification motion coming up, the parties filed a joint letter regarding a dispute over Bank of America's responses to Ms. Brawner's interrogatories. The district court referred the dispute to the undersigned for resolution. Upon consideration of the parties' letter and relevant authorities, the court **ORDERS** Bank of America to produce the requested identities and contact information of putative class members subject to the protective order below.

## STATEMENT

Ms. Brawner worked for Bank of America from 1985 to July 2013. Exhibit A, Complaint, Notice of Removal, ECF No. 1-1 at 3; Exhibit B, Bush Decl., Notice of Removal, ECF No. 1-2 at 2. Starting in 2000, while employed by Bank of America in Concord, California, Ms. Brawner worked

as a "Dedicated Service Director" and later as a "Treasury Services Consultant" when Bank of America renamed her position. Exhibit A, Complaint, Notice of Removal, ECF No. 1-1 at 3; 11/4/2014 Letter, ECF No. 24 at 1. Bank of America also states that Ms. Brawner worked as a "Treasury Services Senior Advisor." Bush Decl. ¶ 7. Ms. Brawner alleges that Bank of America classified her and others employed as "Dedicated Service Directors" and "Treasury Service Consultants" as exempt from California employment laws. *See* 11/4/2014 Letter, ECF No. 24 at 1; Joint Case Management Statement, ECF No. 14 at 2-3. Ms. Brawner asserts that Bank of America then violated California employment and unfair-competitions laws by failing to (1) pay premium overtime wages, (2) provide accurate wage statements, (3) timely pay wages upon employees' separation, and (4) comply with California's unfair-competition laws. *See* Exhibit A, Complaint, Notice of Removal, ECF No. 1-1 at 4-6; 11/4/2014 Letter, ECF No. 24 at 1.

Ms. Brawner seeks to represent a proposed class defined as:

> [A]ll individuals employed by defendants at any time on or after May 8, 2010 as Dedicated Service Directors in Concord, California.

Exhibit A, Complaint, Notice of Removal, ECF No. 1-1 at 3.

Ms. Brawner also alleges that she meets the requirements for class certification under Federal Rule of Civil Procedure 23. She alleges the number of class members, at minimum the approximately 50-100 employees who worked as "Dedicated Service Directors" or "Treasury Services Consultants," are "too great to make joinder of all practicable." *Id.* ¶ 8; *see also* Exhibit B, Bush Decl., Notice of Removal, ECF No. 1-2 at 2 (stating Bank of America employed at least 66 "Treasury Services Consultants" and "Treasury Service Senior Advisors" from April 1, 2013 to April 6, 2014). She alleges that her claims are typical of the putative class members' claims. Exhibit A, Complaint, Notice of Removal, ECF No. 1-1 at 3. She alleges that she is an adequate class representative. *Id.* ¶ 10. She alleges that common questions of law and fact exist and predominate over any questions affecting individual members, including the common question of whether individuals employed as "Dedicated Service Directors" were employed "in an administrative capacity as defined in Industrial Welfare Commission Wage Order 4, Section 1(A)(2)." *Id.* ¶ 11.

Bank of America answered Ms. Brawner's Complaint, Answer, ECF No. 7, and the district court set a schedule for the briefing on Ms. Brawner's upcoming class-certification motion. Ms. Brawner must file her motion by February 24, 2015; Bank of America must oppose it by March 31, 2015; she must reply by April 21, 2015; and the court scheduled a hearing for May 5, 2015. Corrected 9/8/2014 Minute Order, ECF No. 21.[1] The parties also have private mediation with Mark Rudy scheduled for January 16, 2015. Joint Statement of Mediator Selection, ECF No. 22 at 2.

On November 4, 2014, the parties filed a joint letter describing a dispute regarding Bank of America's responses to Ms. Brawner's interrogatories. 11/4/2014 Letter, ECF No. 24. On November 10, 2014, the district court referred the dispute to the undersigned for resolution. Order of Reference, ECF No. 25 at 1. According to the parties' summary of the discovery sought, Ms. Brawner seeks the identity of each putative class member, described as each "Dedicated Service Director" or "Treasury Service Consultant" who worked in Concord, California from May 9, 2010 to the present, as well as the putative class members' addresses, telephone numbers, and email addresses. *See* 11/4/2014 Letter, ECF No. 24 at 1.[2]

In the parties' letter, Bank of America objects to producing any of the requested information on the grounds that producing the discovery would violate the putative class members' privacy and that the discovery is not necessary for Ms. Brawner's motion for class certification. *Id.* at 2-3. Bank of America argues in the alternative that if the undersigned compels production, the undersigned should require notice and an opt-out procedure for the putative class members subject to the compelled disclosure. *Id.* at 4, n. 3.

The court held a hearing on the matter on December 4, 2014. 11/20/2014 Minute Order, ECF No. 29. At the hearing, the parties agreed that "Dedicated Service Director" and "Treasury Services Consultant" are functionally equivalent descriptions. The differences (or any change in job title or

---

[1] This schedule is not as tight as the court thought at the hearing because February is the filing date, not the hearing date. There is time to get out discovery to make mediation with Mr. Rudy productive and still give Ms. Brawner time to file her class certification motion.

[2] At the hearing on 11/20/2014, Ms. Brawner clarified that she requested discovery from May 8, 2010, not May 9, 2010.

UNITED STATES DISTRICT COURT
For the Northern District of California

description) are not indicative of any change in job duties, classification, or inclusion in the alleged class of exempt employees.

## ANALYSIS

### I. LEGAL STANDARD

Pursuant to Rule 23, a member of a class may sue on behalf of all members only if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). The Supreme Court has insisted that the court's class certification analysis must be "rigorous" and may "entail some overlap with the merits of the plaintiff's underlying claim, *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. ----, 131 S.Ct. 2541, 2551 (2011); however, "[m]erits questions may be considered to the extent — but only to the extent — that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, --- U.S. ----, 133 S.Ct. 1184, 1195 (2013).

Prior to class certification under Rule 23, discovery lies entirely within the discretion of the court. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) ("Our cases stand for the unremarkable proposition that often the pleadings alone will not resolve the question of class certification and that some discovery will be warranted."). In its exercise of that discretion, the court may require the plaintiff *either* to make a prima facie showing that the Rule 23 class-action requirements are satisfied, *or* to show "that discovery is likely to produce substantiation of the class allegations." *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985). "[T]he need for discovery, the time required, and the probability of discovery providing necessary factual information" are also relevant factors "bearing on the correctness of the trial court's exercise of its discretion." *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977) (citing *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975) (discovery likely warranted where it will resolve factual issues necessary for the determination of whether the action may be maintained as a class action, such as whether a class or set of subclasses exist)). Indeed, to deny discovery where it is necessary to

determine the existence of a class or set of subclasses would be an abuse of discretion. *Kamm*, 509 F.2d at 210. This is why "[t]he better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action [is] maintainable." *Doninger*, 564 F.2d at 1313. "And, the necessary antecedent to the presentation of evidence is, in most cases, enough discovery to obtain the material, especially when the information is within the sole possession of the defendant." *Id.*

## II. APPLICATION

Ms. Brawner argues that she needs the identity and contact information of putative class members to substantiate her class allegations and support her class-certification motion. As an initial matter, on the record presented in the discovery letter, the court finds that Ms. Brawner has made a prima facie showing that the class-action requirements of Rule 23 are met, and that, even if she had not, the discovery she seeks would substantiate her class-certification allegations.

As described above, she alleges that (1) Bank of America employed approximately 50-100 individuals as "Dedicated Service Directors" and "Treasury Service Consultants" in Concord, California during the class period, (2) her claims are typical of the putative class members' claims, (3) common questions of law and fact exist and predominate over any questions affecting individual members, such as whether individuals employed as "Dedicated Service Directors" were employed "in an administrative capacity as defined in Industrial Welfare Commission Wage Order 4, Section 1(A)(2)," and (4) she is an adequate representative. Exhibit A, Complaint, Notice of Removal, ECF No. 1-1 at 3-4.

As for the specific discovery that Ms. Brawner seeks, upon consideration of the authority cited and the facts of this particular case, the court finds that Ms. Brawner has shown that the putative class members' identities and contact information are necessary to her class-certification motion, and are likely to substantiate her class allegations. As Ms. Brawner points out, numerous courts in this District have made clear that the disclosure of class members' contact information, such as their names, addresses, telephone numbers, and email addresses, is a common practice in the pre-class-certification context. *See Stokes v. Interline Brands Inc.*, No. C 12-05527 JSW (DMR), 2013 WL 4081867, at *2-3 (N.D. Cal. Aug. 9, 2013); *Benedict v. Hewlett-Packard Co.*, No. C 13-0119 LHK,

2013 WL 3215186, at *2 (N.D. Cal. June 25, 2013); *Willner v. Manpower, Inc.*, No. C 11-2846 JSW (MEJ), 2012 WL 4902994, at *5-6 (N.D. Cal. Oct. 16, 2012); *Algee v. Nordstrom, Inc.*, No. C 11-0301 CW (MEJ), 2012 WL 1575314, at *4-5 (N.D. Cal. May 3, 2012); *Artis v. Deere & Co.*, 276 F.R.D. 348, 352 (N.D. Cal. June 29, 2011); *Currie-White v. Blockbuster, Inc.*, No. C 09-2593 MMC (MEJ), 2010 WL 1526314, at *3-4 (N.D. Cal. Apr. 15, 2010); *Khalilpour v. Cellco P'ship*, No. C 09-2712 CW (MEJ), 2010 WL 1267749, at *2 (N.D. Cal. Apr. 1, 2010).

Bank of America does not dispute that a court may consider *either* whether a plaintiff's prima facie showing satisfies the class action requirements of Rule 23 or whether the requested discovery is likely to substantiate a plaintiff's class allegations. *See* 11/4/2014 Letter, ECF No. 24 at 2. Bank of America does cite several cases for the proposition that Ms. Brawner must have a compelling need for the requested discovery or "require" the discovery. *Id.* at 2-3; *See., e.g.*, *Gordon v. Kaleida Health*, No. C 08-0378 S, 2012 WL 432885 (W.D.N.Y. Feb. 9, 2012); *Charles v. Nationwide Mut. Ins. Co.*, No. C. 09-0094 ARR, 2010 WL 7132173 (E.D.N.Y. May 27, 2010); *Asberry v. Cate*, (E.D. Cal. Mar. 31, 2014). These out-of-district cases neither bind nor persuade the court to impose some burden higher than that required by the Ninth Circuit. Here, Ms. Brawner has made a prima facie showing that the class action requirements of Rule 23 are met and that allowing this limited discovery is both necessary for her class-certification motion and likely to substantiate her class allegations.

The court also finds that a standard protective order should be sufficient to protect the putative class members' privacy rights in their contact information. *See Benedict*, 2013 WL 3215186, at *2-3. An opt-out procedure is not necessary in this context. *See id.* at *2 (collecting cases). That said, Ms. Brawner's counsel must inform each potential class member that he or she has a right not to talk to counsel and that, if he or she elects not to talk to counsel, Ms. Brawner's counsel will terminate the contact and not contact them again. *See id.* at *3; *see also Khalilpour*, 2010 WL 1267749, at *4. Also, during the initial communication, Ms. Brawner's counsel must inform them that the undersigned compelled Bank of America to disclose their contact information and that the communication is highly confidential. *See Benedict*, 2013 WL 3215186, at *3; *see also Khalilpour*, 2010 WL 1267749, at *4. Finally, any communications must be fair and accurate, and must not be

misleading, intimidating, or coercive. *See Benedict*, 2013 WL 3215186, at *3; *see also Khalilpour*, 2010 WL 1267749, at *4.

## CONCLUSION

Bank of America must produce the identities and contact information, including addresses, telephone numbers, and email addresses, for all of the individuals employed by Bank of America as "Dedicated Service Directors" or "Treasury Service Consultants" in Concord, California from May 8, 2010 through the end of the class period. Bank of America's production is subject to the protective order, and Ms. Brawner and her attorney must abide by the undersigned's requirements for communications to putative class members, as discussed above.

As to the timing of production, given the holidays, the court orders full production in 30 days. Plaintiff's counsel wanted an earlier date, but the court did try to get this on calendar for November 20, 2014, and there is the reality of how much time it takes to produce information. But as discussed at the hearing, Bank of America must make a good-faith effort to produce information as quickly as it can, on a rolling basis, and preferably by December 18, 2014, so that Plaintiff's counsel can have an opportunity to make the assessment that he'll need for mediation. As the court said at the hearing, everyone has the incentive to get the discovery out given the January mediation date. Also, the employee records are digital, the class is relatively small at 50 to 100, and everyone's holiday plans will be happier if the discovery can get out by December 18, 2014.

This disposes of ECF No. 24.

**IT IS SO ORDERED.**

Dated: December 4, 2014

_____
LAUREL BEELER
United States Magistrate Judge